**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CATHERINE BASANTES ANDRADE, Individually and on behalf of others similarly situated, | * | |
| | * | |
| *Plaintiffs*, | * | |
| v. | * | **Case No.:** _____ |
| GEICO INDEMNITY COMPANY, GEICO, ABC CORPORATIONS 1-10, and JOHN DOES 1-10, | * | |
| | * | |
| *Defendants*. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>NOTICE OF REMOVAL</u>

1.      Pursuant to Local Rule 10.1(a), the addresses of counsel for each of the parties is

as follows:

      Barry J. Gainey
      Gainey McKenna & Egleston
      375 Abbott Road
      Paramus, New Jersey 07653

      *Counsel for Plaintiff Catherine Basantes Andrade*

      Curtis J. Turpan
      Harwood Lloyd, LLC
      130 Main Street
      Hackensack, New Jersey 07601

      Laura A. Cellucci (*pro hac vice* application forthcoming)
      Glenn A. Gordon (*pro hac vice* application forthcoming)
      Daniel L. Adamson (*pro hac vice* application forthcoming)
      Miles & Stockbridge P.C.
      100 Light Street
      Baltimore, Maryland 21201

      *Counsel for Defendants GEICO Indemnity Company and Government Employees Insurance Company ("GEICO")*

2.    Defendants, GEICO Indemnity Company and Government Employees Insurance Company ("GEICO"),[1] by and through their undersigned counsel, provide notice under 28 U.S.C. §§ 1441 and 1446 of their removal of the putative class action styled *Catherine Basantes Andrade v. GEICO Indemnity Company, et al.*, Case No. BER-L-005251-22 from the Superior Court of New Jersey Law Division: Bergen County, to the United States District Court for the District of New Jersey. Removal is based on 28 U.S.C. § 1332(d) (the "Class Action Fairness Act" or "CAFA"). As grounds for removal, Defendants state as follows:

## I.    The state court complaint

3.    On September 29, 2022, Andrade, on behalf of herself and others similarly situated, filed a Class Action Complaint and Jury Demand in the state court action. (A copy of the complaint is attached to this Notice as **Exhibit 1**.) The subject of the complaint is Defendants' alleged denial of Andrade's request for No Fault/Personal Injury Protection ("PIP") benefits following an automobile accident during which she was a passenger in a vehicle insured by one or more Defendants. *See* **Ex. 1** (Class Action Compl.), at ¶¶ 27–38.

4.    Andrade asserts claims under the New Jersey Consumer Fraud Act (Count One), N.J.S.A. 17:28-1.4 (the "Deemer Statute") (Count Two), and the New Jersey Truth in Consumer Contract Warranty and Notice Act (Count Three), as well as a claim for Unjust Enrichment (Count Four). *See generally id.* Plaintiff seeks monetary, statutory, treble, and punitive damages, attorneys' fees and costs, and various injunctive relief. *See id.* at ¶¶ 16–17.

---

[1] In her Complaint, Plaintiff also identifies "Doe" Defendants that she names as "ABC Corporations 1-10" and "John Does 1-10," and alleges these are placeholders for "parent companies or subsidiary companies of Geico and/or are otherwise related companies[.]" *See* **Exhibit 1** (Class Action Compl.), at ¶ 24. However, no party has been joined or served in the lawsuit other than the two removing defendants.

5.      The purported class includes people who "were passengers in vehicles on which Geico issued insurance policies in Florida and which were involved in accidents in New Jersey," and who "were denied No-Fault/PIP benefits by Geico based on language in the Geico insurance policy stating that the No-Fault/PIP coverage did not apply to passengers involved in accidents outside of Florida and who are not related to the Geico named insured." *Id.* at ¶ 93.

## II.      Removal under CAFA

6.      This Court has jurisdiction over this action pursuant to the Class Action Fairness Act. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA was enacted by Congress to "expand federal jurisdiction over class actions." *McGee v. Continental Tire North America, Inc.*, 2007 WL 2462624, at *3 (D.N.J. Aug. 27, 2007); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (explaining that CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant").

7.      Under CAFA, a "class action" is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar [s]tate statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed this action as a purported class action pursuant to Rule 4:32 of the New Jersey Court Rules. **Ex. 1** (Class Action Compl.), at ¶¶ 17, 113.

8.      CAFA provides that class actions filed in state court are removable to federal court on the basis of "minimal diversity" jurisdiction under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, where (a) the putative class contains at least one hundred class members; (b) any member of the putative class is a citizen of a state different from any defendant; and (c) and the matter in

controversy exceeds the sum or value of five million dollars ($5,000,000), exclusive of interest and costs. Plaintiff's complaint demonstrates that each of these requirements is satisfied here.

9.      First, Plaintiff's allegation that the "class is composed of hundreds or thousands of persons" satisfies CAFA's numerosity requirement. *See* **Ex. 1** (Class Action Compl.), at ¶ 94; *see also* 28 U.S.C. § 1332(d)(5) (requiring at least one hundred class members for CAFA jurisdiction).

10.     Second, "minimal diversity" exists among the parties. *See* 28 U.S.C. § 1332(d)(2)(A) (for purposes of CAFA jurisdiction, "minimal diversity" exists so long as "any member of a class of plaintiffs is a citizen of a [s]tate different from any defendant"). Andrade is a citizen of New Jersey. *See* **Ex. 1** (Class Action Compl.), at ¶ 21. GEICO Indemnity Company is a citizen of Nebraska and Maryland.

11.     Third, the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). "To determine the amount in controversy, a court must aggregate the claims of individual class members." *La Stella v. Aquion, Inc.*, 2020 WL 7694009, at *4 (D.N.J. Dec. 28, 2020). "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

12.     Andrade alleges that she and others similarly situated were denied "No-Fault/PIP benefits" they were entitled to under New Jersey's Deemer Statute. *See* N.J.S.A. 17:28-1.4. The Deemer Statute entitles each New Jersey resident to up to $250,000.00 in PIP benefits. *See id.*; *see also* N.J.S.A. 39:6A-4. Accordingly, the class need only be composed of twenty people to meet the required amount in controversy (e.g., 20 x $250,000.00 = $5 million). Andrade has alleged that the class "hundreds or thousands" of people, **Ex. 1** (Class Action Compl.), at ¶ 94, meaning that the amount in controversy is well in excess of $5 million.

13.    By establishing the statutory basis for removal under CAFA, Defendants do not in any way concede the allegations against them, the appropriateness of the proposed class definition, or the propriety of this action proceeding as a class action, nor do Defendants otherwise waive any available defenses available to them. Further, Defendants' statement that the matter in controversy is in excess of $5 million is not intended to constitute an admission or acquiescence that the types of damages and categories of relief sought by Andrade is available for the claims plead or that Andrade or the putative class are entitled to any relief.

**III.    Procedural requirements**

14.    <u>Removal to this Court is proper</u>.  Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of New Jersey, which is the federal district court embracing the Superior Court of New Jersey Law Division: Bergen County, where the state court action was originally filed.

15.    <u>Removal is timely</u>.  The original complaint was filed on Defendants' statutory agent, the New Jersey Department of Banking and Insurance, on October 5, 2022, and was received by Defendants on October 11, 2022. This Notice of Removal is being filed on November 8, 2022, within thirty days after receipt by Defendants of the Complaint. *See* 28 U.S.C. § 1446(b)(1); *Tucci v. Hartford Fin. Servs. Grp., Inc.*, 600 F. Supp. 2d 630, 636 (D.N.J. 2009) (explaining that "where service is made on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the initial pleading").

16.    <u>Joinder of all defendants</u>. All Defendants joined and served consent to this Notice of Removal. *See* 28 U.S.C. 1446(b)(2)(A).

17.    <u>Pleadings and process</u>.  Contemporaneously filed herewith are copies of all process, pleadings, documents, and orders received by Defendants in the state court action.  *See* 28 U.S.C. § 1446(a); L.Civ.R. 11.2; *see also* **Ex. 1** (Class Action Compl.).

18.    <u>State court notice</u>. Attached hereto as **Exhibit 2** is a copy of the Notice of Filing of Notice of Removal (without exhibits) that Defendants will file with the Clerk of the Superior Court of New Jersey Law Division: Bergen County, and will promptly serve upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

19.    <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. 28 U.S.C. § 1446(a).

**WHEREFORE**, having satisfied all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, and all jurisdictional requirements established by 28 U.S.C. § 1332(d), Defendants respectfully serve notice that the above-referenced civil action now pending in the Superior Court of New Jersey Law Division: Bergen County is removed therefrom to the United States District Court for the District of New Jersey.

Date: November 8, 2022                    Respectfully submitted,

_____
Curtis J. Turpan (033781985)

Harwood Lloyd, LLC
130 Main Street
Hackensack, New Jersey 07601
cturpan@harwoodlloyd.com
(t): (201) 359-3675
(f): (201) 487-4758

*Counsel for Defendants GEICO Indemnity Company and Government Employees Insurance Company ("GEICO")*

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

The undersigned attorney certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Curtis J. Turpan (033781985)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of November, 2022, a copy of the foregoing Notice of Removal was electronically filed through the Court's CM/ECF system and copies were served by electronic mail and first-class mail, postage prepaid, on:

Barry J. Gainey
Gainey McKenna & Egleston
375 Abbott Road
Paramus, New Jersey 07653

Counsel for Plaintiff Catherine Basantes Andrade

Curtis J. Turpan (033781985)

05010589_1

# EXHIBIT 1

**GAINEY McKENNA & EGLESTON**
**375 Abbott Road**
**Paramus, New Jersey 07652**
**(201) 225-9001**
*Attorneys for Plaintiff*
**Our File No.: 170.233**

_____X
                                 :
CATHERINE BASANTES ANDRADE,      :      SUPERIOR COURT OF NEW JERSEY
Individually, and on behalf of all others similarly :      LAW DIVISION: BERGEN COUNTY
situated,                        :
                 Plaintiff,      :      DOCKET NO.:
                                 :
                                 :      Civil Action
         v.                      :
                                 :      **CLASS ACTION COMPLAINT**
GEICO INDEMNITY COMPANY, GEICO, ABC :    **AND JURY DEMAND**
CORPORATIONS 1-10, and JOHN DOES 1 - 10, :
                                 :
              Defendants.        :
_____X

    The plaintiff, Catherine Basantes Andrade, ("plaintiff"), on behalf of herself and a putative class of

similarly situated people described herein, brings this Class Action Complaint against Geico Indemnity

Company, Geico, and/or related companies ("hereinafter "Geico") and alleges the following based

upon personal knowledge and/or based upon information and belief, including, *inter alia*, the

investigation made by and through his attorneys.

## <u>NATURE OF THE ACTION</u>

    1.  This is a class action brought by the plaintiff on behalf of herself and a class of similarly

situated people. The proposed class is people who: (1) were passengers in vehicles on which Geico

issued insurance policies in Florida and which were involved in accidents in New Jersey; and (2) were

denied No-Fault/PIP benefits by Geico based on language in the Geico insurance policy stating that the

No-Fault/PIP coverage did not apply to passengers involved in accidents outside of Florida and who

are not related to the Geico named insured. The class excludes passengers who were "relatives" of the

Geico named insured.

2.  Geico denies No-Fault/PIP claims to the people described above based on Geico's position that the No-Fault/PIP coverage under their policies issued in Florida "only applies to the named insured, resident spouse, and resident relatives of the named insured while occupying the insured motor vehicle when the loss occurs outside the State of Florida."

3.  Geico's position is in violation of New Jersey law, including, but not limited to, N.J.S.A. 17:28-1.4.

4.  Geico does business in New Jersey, including selling and issuing insurance policies in the State.

5.  Geico was aware of, or should have been aware of, the provisions and requirements of New Jersey law.

6.  Geico knew and intentionally disregarded, or reasonably should have known but did not know, about their failure to comply with New Jersey law and about the error, falsity and deceptive nature of their actions, policies, procedures and decisions.

7.  Geico's actions are improper, unlawful, deceptive, fraudulent, and in violation of New Jersey law, including N.J.S.A. 17:28-1.4, the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., ("NJCFA"), the Truth in Consumer Contract, Warranty and Notice Act ("TCCWNA"), and/or other applicable laws and regulations.

8.  The plaintiff and class members were damaged by Geico's improper, unlawful, deceptive, fraudulent actions, which were in violation of New Jersey law.

9.  As a result of the defendant's actions, policies, procedures, and practices, the plaintiff and class members sustained damage and ascertainable loss. The damages and ascertainable loss include, but are not limited to, the unpaid no-fault/PIP benefits that they have a right to under New Jersey law, out of

2

pocket money paid, and other losses.

10. The defendant's actions and omissions that were in violation of New Jersey law, including those statutes and laws noted above, relate to the marketing and sale of the insurance policies in question as well as the defendant's performance under the policies and the defendant's improper policies, practices, and procedures relating to No-Fault/PIP benefits and claims.

11. The plaintiff brings this action to recover damages sustained by the plaintiff and the class members as a result of the defendant's improper, fraudulent, unconscionable, deceptive, and illegal actions, omissions, and concealments, and for their violations of applicable laws, statutes, and regulations.

12. The plaintiff and the class members were damaged by the defendant's improper, fraudulent, unconscionable, deceptive, and illegal actions, omissions, and concealments, by the defendant's violations of applicable laws, statutes, and regulations, and by the defendant's procedures, policies, and practices relating thereto.

13. Statutory damages also apply to the defendant's improper, fraudulent, unconscionable, deceptive, and illegal actions and their violations of applicable laws, statutes, and regulations. As a result, the plaintiff and the class members are entitled to an award of damages.

14. In addition, the applicable laws, statutes, and regulations include provisions for statutory damages, mandatory treble damages, and mandatory attorney's fees to be paid by the defendant. As a result, the damages sustained by the plaintiff and other consumers will be trebled and the plaintiff's attorney's fees will be paid by the defendant.

15. The plaintiff also seeks a declaratory judgment that the subject Geico insurance policies are contrary to New Jersey law and should be voided and rescinded, with the policyholders receiving a refund.

3

16. The plaintiff also seeks declaratory relief, including the Court banning Geico from selling or issuing insurance policies in New Jersey, or otherwise doing business in the State.

17. The plaintiff seeks the following relief:

    (a)    An award of appropriate damages for the plaintiff and for all members of the class who were improperly denied no-fault/PIP benefits by Geico and/or any other money paid out of pocket;

    (b)    An award of treble damages, punitive damages, and attorney's fees pursuant to the New Jersey Consumer Fraud Act and/or other laws;

    (c)    An award of statutory damages pursuant to the Truth in Consumer Contract, Warranty and Notice Act and/or other laws;

    (d)    An injunctive order prohibiting the defendant from engaging in the same improper acts in the future based on the New Jersey Consumer Fraud Act, the Truth in Consumer Contract, Warranty and Notice Act, and/or other grounds;

    (e)    An injunctive order prohibiting and banning Geico from selling or issuing insurance policies in New Jersey, or otherwise doing business in the State.

    (f)    Disgorgement from the defendant of all monies wrongfully obtained as a result of the defendant's improper, unfair, and deceptive business acts;

    (g)    Certification of a Class (and/or Sub-Classes) as described herein or as the Court deems proper and just pursuant to Rule 4:32 of the New Jersey Court Rules;

    (h)    Designation of the plaintiff's counsel as Class Counsel pursuant to Rule 4:32 of the New Jersey Court Rules;

    (i)    Designation of the plaintiff, and/or other class members, as Class Representative(s) pursuant to Rule 4:32 of the New Jersey Court Rules;

4

(j)     An award of attorney's fees and case expenses to Class Counsel; and

(k)     Such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

18. This Court has personal jurisdiction over the parties in this action.

19. This Court has subject matter jurisdiction over this action.

20. Venue is proper in Bergen County, New Jersey.

## THE PARTIES

21. The plaintiff, Catherine Basantes Andrade, is a resident of New Jersey.  She was a passenger in a vehicle that was involved in an accident in New Jersey on August 29, 2021.

22. The vehicle in which the plaintiff was a passenger at the time of the accident (hereinafter "accident vehicle") was owned by Larissa G. Da, also known as Larissa Gerstz De Silva, and was being driven by Justin R. Brito.

23. The accident vehicle was insured under a Geico insurance policy issued in Florida bearing policy number 6033322378 and a policyholder name of Larissa Da Silva.

24. The true names and capacities of the defendant sued herein as ABC Corporations 1 – 10 and John Does 1 – 10 (hereinafter included within "defendant") are presently unknown to plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint and include these unknown defendants' true names and capacities if necessary after they are ascertained. Each of the fictitiously named defendants are parent companies or subsidiary companies of Geico and/or are otherwise related companies and are responsible in some manner for the conduct alleged herein and for the damages suffered by plaintiff and other class members.

25. At all times alleged herein, the defendants were agents, related companies, successor companies, acquiring companies, and/or otherwise related to or acting on behalf of each other.  The

5

ABC Corporation defendants are also agents, related companies, successor companies, acquiring companies, and/or otherwise related to or acting on behalf of the named defendant.

26. The defendant conducts business in New Jersey and nationwide. The specific nature of that business conducted is described above and elsewhere in this Complaint.

## FACTUAL BACKGROUND

27. The plaintiff was a passenger in a vehicle that was involved in an accident in New Jersey on August 29, 2021.

28. The accident vehicle was owned by Larissa G. Da, also known as Larissa Gerstz De Silva.

29. The accident vehicle was being driven by Justin R. Brito, who is Larissa Da's boyfriend.

30. Mr. Brito had permission to drive the accident vehicle.

31. The accident vehicle was insured under a Geico insurance policy issued in Florida.

32. The Geico insurance policy number was 6033322378.

33. The policyholder for the Geico policy was Larissa Da Silva.

34. The plaintiff was injured in the accident.

35. The plaintiff received medical treatment for the injuries she sustained in the accident.

36. The medical bills for the treatment for the plaintiff's injuries should have been covered by the No-Fault/PIP coverage in the Geico policy.

37. Geico denied No-Fault/PIP benefits and refused to pay the medical bills relating to the plaintiff's injuries.

38. Geico stated that the plaintiff was not entitled to No-Fault/PIP benefits under the No-Fault/PIP coverage under the Geico policy.

39. Geico denied the No-Fault/PIP benefits to the plaintiff based on Geico's position that the No-Fault/PIP coverage under their policies issued in Florida "only applies to the named insured, resident

Gainey McKenna & Egleston, 375 Abbott Road, Paramus, NJ 07652, T: 201-225-9001, F: 201-225-9002

spouse, and resident relatives of the named insured while occupying the insured motor vehicle when the loss occurs outside the State of Florida."

40. As noted elsewhere herein, Geico's denial of No-Fault/PIP benefits to the plaintiff, and Geico's basis for their denial, are contrary to New Jersey law.

41. Geico's denial of No-Fault/PIP benefits to the plaintiff was improper, fraudulent, unconscionable, deceptive, and illegal and it was in violation of applicable laws, statutes, and regulations.

42. The plaintiff was damaged as a result of the defendant's improper, fraudulent, unconscionable, deceptive, and illegal denial of No-Fault/PIP benefits, which was in violation of applicable laws, statutes, and regulations.

43. Geico has also applied their improper policies and procedures to class members, and improperly denied No-Fault/PIP benefits to class members, which has damaged the class members.

44. Geico will continue to apply their improper policies and procedures to class members, and continue to improperly deny No-Fault/PIP benefits to people who are entitled to receive No-Fault/PIP benefits in the future, which will damage those people. Injunctive and declaratory relief is necessary to prevent Geico from doing so.

## CLAIMS

Pursuant to notice pleading, plaintiff hereby alleges each and every cause of action and remedy at law or in equity supported by the facts alleged in this Complaint. Those causes of action and remedies at law or in equity include the following:

### COUNT ONE
#### (Violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.)

45. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this

7

Complaint marked and designated "1" through "44", inclusive with the same force and effect as though the same was more fully set forth at length herein.

46. The New Jersey Consumer Fraud Act prohibits unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission.

47. The defendant violated the Act by the policies, procedures, actions and/or omissions described herein.

48. The defendant's policies and procedures, and the terms and provisions in their insurance policies, all of which are described in this Complaint, are unlawful, improper, illegal, unconscionable, deceptive, and/or fraudulent, and they are in violation of the Act.

49. The defendant maintained those policies and procedures, and included those terms and provisions in their insurance policies, knowing that it was unlawful, improper, illegal, unconscionable, deceptive, and/or fraudulent, which is also a violation of the Act.

50. The defendant's actions and/or omissions of denying No-Fault/PIP benefits to the plaintiff and to class members are unlawful, improper, illegal, unconscionable, deceptive, and/or fraudulent, and they are in violation of the Act.

51. The defendant knew, or should have known, that their policies and procedures, and the terms and provisions in their insurance policies, were in violation of New Jersey law and yet they continued their policies and procedures, and they continued to include those improper terms and provisions in their insurance policies. Such behavior is also a violation of the Act.

52. The defendant violated the New Jersey Consumer Fraud Act and otherwise acted improperly and in a manner that damaged the plaintiff and class members. The defendant's policies, procedures,

Gainey McKenna & Egleston, 375 Abbott Road, Paramus, NJ 07652, T: 201-225-9001, F: 201-225-9002

actions and omissions are described in detail in this Complaint and those descriptions elsewhere are expressly incorporated into this Count and every Count. That incorporation is specifically noted here to avoid a frivolous motion to dismiss by the defendant based on arguments that this Count does not provide specific details of the New Jersey Consumer Fraud Act violations.

53. Those violations included, but are not limited to, knowingly including improper and unlawful terms and provisions in their insurance policies, which was in violation of New Jersey law, and knowingly and improperly denying No-Fault/PIP benefits to the plaintiff and class members based on those improper and unlawful policies and procedures and the unlawful and improper terms and provisions in their insurance policies.

54. The defendant's actions and/or omissions constitute violations of the New Jersey Consumer Fraud Act and have caused the plaintiff to sustain damages and ascertainable losses in at least the amount of the No-Fault/PIP benefits that the defendant improperly denied to the plaintiff and to class members.

55. The defendant's violations of the New Jersey Consumer Fraud Act subject them to the mandatory treble damages and the mandatory attorney's fees provisions of the Act.

56. The plaintiff was caused to suffer damages as a result of defendant's acts and/or omissions, including ascertainable losses.

57. The New Jersey Consumer Fraud Act is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under other remedies.

58. The defendant have engaged in deceptive, unconscionable, unfair, fraudulent unlawful, improper, and misleading practices as described in this Complaint.

59. The defendant violated the Consumer Fraud Act by its actions, omissions and practices described herein, which were unconscionable, deceptive, and/or fraudulent.

60. The defendant's acts and practices were deceptive, fraudulent, false, concealing and/or misleading. The defendant made misrepresentations to the plaintiff, both affirmatively and by omission.

61. The defendant's acts and/or omissions were in violation of the New Jersey Consumer Fraud Act and the plaintiff has been damaged and is entitled to damages.

62. The defendant's conduct had an impact on the public interest because the acts were part of a generalized course of conduct affecting plaintiff and other people who were similarly situated.

63. The defendant has engaged in and continues to engage in unfair and deceptive trade acts and practices that have directly, foreseeably, and proximately caused damages and injury to the plaintiff.

64. The defendant's conduct, policies, practices, and procedures, including but not limited to, the use of unfair and unconscionable claims denial tactics and strategies, and the unsupported and unlawful decision to deny the plaintiff's No-Fault/PIP benefits are deceptive and unconscionable and caused damage to the plaintiff.

65. The defendant's actions and/or omissions amount to unconscionable commercial practices, deception, fraud, misrepresentations, false promises, false pretenses, and/or the knowing concealment, suppression or omission, in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.

66. The defendant acted willfully and/or knowingly and/or negligently. By virtue of the foregoing, the plaintiff has been damaged.

WHEREFORE, the plaintiff requests judgment against the defendant for damages, together with interest, punitive damages, treble damages, attorney's fees, costs and disbursements of this action.

## COUNT TWO
### (Violations of N.J.S.A. 17: 28-1.4, et seq.)

67. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this

Gainey McKenna & Egleston, 375 Abbott Road, *Paramus, NJ 07652, T: 201-225-9001, F: 201-225-9002*

Complaint marked and designated "1" through "66", inclusive with the same force and effect as though the same was more fully set forth at length herein.

68. N.J.S.A. 17:28-1.4 requires insurance companies which transact motor vehicle insurance business in New Jersey, and which sell automobile insurance policies in any other State, to include in each policy coverage to satisfy at least the No-Fault/PIP benefits coverage requirements of New Jersey when those out of state insured vehicles are operated in New Jersey.

69. Geico was aware of the New Jersey law, having been involved in some of the reported cases involving the insurance issues under the New Jersey law.

70. Despite that, Geico refused to comply with the New Jersey statute, and related New Jersey law.

71. Geico's refusal to comply with the New Jersey Statute, and related New Jersey law, caused damage to the plaintiff and to the class members.

72. Geico will continue to violate the New Jersey statute, and related New Jersey law, unless the Court issues injunctive and declaratory relief.

WHEREFORE, the plaintiff requests judgment against the defendant for actual damages and/or treble damages, together with interest, punitive damages, attorney's fees, costs and disbursements of this action.

## COUNT THREE
### (Violations of the New Jersey Truth in Consumer Contract, Warranty and Notice Act, N.J.S.A. 56: 12-14, et seq.)

73. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "72", inclusive with the same force and effect as though the same was more fully set forth at length herein.

74. The Truth in Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14, et seq., prohibits consumer contracts, warranties, notices, or signs which include a provision that

11

violates a clearly established legal right of a consumer or responsibility of a seller.

75. The Geico insurance policy contains provisions that violate a clearly established right of the plaintiff and the class members. As a result, the defendant, and the defendant's insurance policy, violated the TCCWNA.

76. The TCCWNA states that anyone who violates the Act "shall be liable to the aggrieved consumer for a civil penalty of not less than $100 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and Court costs."

77. The plaintiff and the class members were damaged and are entitled to statutory and actual damages as well as attorney's fees and Court costs.

WHEREFORE, the plaintiff requests judgment against the defendant for actual damages and/or treble damages, together with interest, punitive damages, attorney's fees, costs and disbursements of this action.

**COUNT FOUR**
**(Unjust Enrichment)**

78. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "77", inclusive with the same force and effect as though the same was more fully set forth at length herein.

79. Geico's violations of New Jersey statutes and related New Jersey law has caused the plaintiff, the class members, medical providers, and/or others to lose and be deprived of money.

80. Geico has therefore been unjustly enriched by keeping the money that they should have paid to the plaintiff, the class members, medical providers, and/or others, which, in turn, damaged the plaintiff, the class members, medical providers, and/or others.

81. Geico has also had the use of those funds and has been able to earn interest or otherwise add to its profits when said money should have been used for payment of No-Fault/PIP benefits to plaintiff,

12

the class members, medical providers, and/or others.

82. The defendant has therefore been unjustly enriched by taking money from plaintiff, the class members, medical providers, and/or others and not paying the No-Fault/PIP benefits that were required under New Jersey statutes and related New Jersey law.

83. As a result of the defendant's unjust enrichment, plaintiff and class members have suffered damages.

84. The defendant was legally obligated under New Jersey law to pay No-Fault/PIP benefits to the plaintiff, the class members, medical providers, and/or others.

85. The defendant benefitted from their refusal to make those payments based on their improper and unlawful denials of No-Fault/PIP benefits.

86. Ultimately, as a result of the deceptive practices, the defendant has money that they should have paid to the plaintiff, the class members, medical providers, and/or others pursuant to New Jersey statutes and related New Jersey law.

87. The defendant's improper and unlawful activities, including the improper and unlaweful denial of No-Fault/PIP benefits, resulted in the unjust enrichment of the defendant.

88. The defendant was unjustly enriched by their improper actions to the detriment of the plaintiff.

89. The total damages that the defendant caused the plaintiff to sustain are at least the amount of money that the defendant should have paid to the plaintiff, the class members, medical providers, and/or others but which Geico kept as a result of their improper and unlawful denial of No-Fault/PIP benefits.

90. The defendant has been unjustly enriched by keeping the money that should have been used to pay No-Fault/PIP benefits to the plaintiff, the class members, medical providers, and/or others pursuant to New Jersey law.

Gainey McKenna & Egleston, 375 Abbott Road, Paramus, NJ 07652, T: 201-225-9001, F: 201-225-9002

WHEREFORE, the plaintiff requests judgment against the defendant for damages, together with interest, punitive damages, attorney's fees, costs and disbursements of this action.

## CLASS ACTION ALLEGATIONS

### Class Definition

91. Plaintiff files this case in her individual capacity and as a class action on behalf of herself and all other similarly situated people as more specifically described herein.

92. The plaintiff, and/or other class members who may be named as class representatives at the time a motion is filed to certify the proposed Class, will represent the class.

93. The proposed class is people who: (1) were passengers in vehicles on which Geico issued insurance policies in Florida and which were involved in accidents in New Jersey; and (2) were denied No-Fault/PIP benefits by Geico based on language in the Geico insurance policy stating that the No-Fault/PIP coverage did not apply to passengers involved in accidents outside of Florida and who are not related to the Geico named insured. The class excludes passengers who were "relatives" of the Geico named insured. There may also be one or more sub-classes of providers and/or others who should have been paid No-Fault benefits, including medical providers who provided medical treatment to the plaintiff and to the class but who were not paid as part of the required No-Fault/PIP benefits because of Geico's improper and unlawful denial of those No-Fault/PIP benefits.

### Numerosity and Impracticable Joinder

94. The class is composed of hundreds or thousands of persons geographically dispersed, the joinder of whom in one action is impracticable. The disposition of their claims in a class action will provide substantial benefits to all parties and the Court. The class is sufficiently numerous.

### Risk of Inconsistent or Varying Adjudications

14

95. Prosecution of separate actions by class members would risk inconsistent or varying adjudications, which would establish incompatible standards of conduct for the defendant.

96. Adjudications by individual members of the Class would, as a practical matter, be potentially dispositive of the interests of other members of the Class and substantially impair or impede their ability to protect their interests.  Class-wide adjudication of these claims, therefore, is appropriate.

97. Class-Wide Injunctive/Declaratory Relief.   Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and/or declaratory relief appropriate with respect to the Class as a whole, rendering class-wide adjudication of these claims appropriate.

**Common Questions of Law or Fact**

98. There is a well-defined community of interests and there are common questions of law or fact affecting the parties to be represented.  These questions, and other similar factual or legal questions common to the Class, predominate over individual factual or legal questions.  The common questions of law or fact include:

> (a)     Whether the defendant acted improperly towards the class, including their improper and unlawful policies, procedures, actions and omissions, and other deceptive practices, which are described herein;

> (b)     Whether the defendant violated applicable laws and regulations, including N.J.S.A. 17:28-1.4, the Truth in Consumer Contract, Notice and Warranty Act, and the New Jersey Consumer Fraud Act;

> (c)     Whether the defendant knew, recklessly disregarded, or reasonably should have known that their acts and practices violated applicable laws and regulations, including those listed above;

15

(d)    Whether there should be equitable and injunctive relief to protect people in the future who are entitled to No-Fault/PIP benefits from Geico, which Geico will deny to them based on their current policies, procedures, and actions;. and

(j)    Whether the plaintiff and class members should be awarded treble damages and attorney's fees pursuant to the laws and regulations listed herein.

**Typicality**

99. The individual plaintiff, and/or other class representative(s) to be named, are asserting claims that are typical of the claims of the entire class, and the class representative(s) will fairly and adequately represent and protect the interests of the class.   They will have no interests that are antagonistic to those of the other members of the class.

100. The factual basis of the claims concerning the defendant's misconduct are common to the members of the Class and represent a common thread of improper, unlawful, and fraudulent misconduct and deceptive business practices resulting in ascertainable loss to all class members. Plaintiff is asserting the same rights, making the same claims, and seeking the same relief for herself and all other members of the proposed Class.

**Fair and Adequate Representation**

101. The class representative(s) will fairly and adequately represent and protect the interests of the class.  They will have no interests that are antagonistic to those of the other members of the class.  The individual plaintiff has retained counsel who is competent and experienced in the handling of litigation, including class action litigation.  Counsel will fairly and adequately represent and protect the interests of the class.

**Predominance of Common Question of Law or Fact**

16

102. There are common questions of law or fact that predominate over any questions affecting only individual members of the Class. These common legal or factual questions include those listed herein.

**Superiority of Class Action Treatment**

103. The individual plaintiff and the members of the class have all suffered harm and/or damages as a result of defendant's improper and unlawful policies, procedures, and actions, and deceptive practices.

104. A class action is superior to all other available methods for the fair and efficient adjudication of those claims.

105. Individual litigation of the claims of all class members is not economically feasible and is procedurally impracticable. While the aggregate damages sustained by the Class may be substantial amounts, the individual damages incurred by each class member resulting from defendant's wrongful conduct are too small to warrant the expense of individual suits.

106. The likelihood of individual class members prosecuting their own separate claims is remote, and, even if every class member could afford individual litigation, the Court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments.

107. Individualized litigation would magnify the delay and expense to all of the parties and to the Court system because of multiple trials of the same factual and legal issues.

108. There will be no difficulty encountered in the management of this action that would preclude its maintenance as a class action.

Gainey McKenna & Egleston, 375 Abbott Road, *Paramus, NJ 07652, T:* 201-225-9001, *F:* 201-225-9002

109. In addition, defendant has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

110. Absent a class action, defendant will likely retain a substantial amount of money, including millions of dollars, received as a result of its wrongdoing and misleading conduct. Their improper actions would go unremedied and uncorrected.

111. Absent a class action, the class members will not receive restitution. In addition, damage to people in the future will continue absent equitable and injunctive relief.

112. Class action treatment of these claims is superior to handling the claims in other ways.

113. Certification of the class will be appropriate under Rule 4:32 of the New Jersey Court Rules.

### PRAYER FOR RELIEF

**WHEREFORE**, as a result of the forgoing, plaintiff, on behalf of herself and on behalf of all other persons similarly situated, pray for the following relief:

A.      an Order certifying the Class and/or any appropriate sub-classes, appointing the named plaintiff as Class Representative, and appointing plaintiff's counsel as Class Counsel;

B.      an Order awarding compensatory damages to plaintiff and all members of the Class for all claims in the Complaint;

C.      an award of attorney's fees, case expenses, and costs of suit to the plaintiff and the class including the mandatory attorney's fees under the New Jersey Consumer Fraud Act and/or other laws described herein;

D.      an award of treble damages pursuant to the New Jersey Consumer Fraud Act in connection with defendant's improper actions;

18

E.    an Order providing for equitable and injunctive relief, including a rescission and/or amendment of existing Geico policies, refund to policyholders, and/or other relief;

F.    Declaring that the defendant has violated New Jersey law and that such violations have harmed, and continue to harm, plaintiff, class members, and other people;

G.    an Order requiring disgorgement of defendant's ill-gotten gains, to pay restitution to plaintiff and all members of the Class, and to restore to the public all funds acquired by means of any acts or practices declared by this Court to be unlawful, fraudulent or unfair business acts or practices, a violation of laws, statutes, or regulations, or constituting unfair competition or false, untrue or misleading representations;

H.    judgment against defendant for actual and punitive damages for each member of the Class, plus attorney's fees for the establishment of a common fund, interest, and costs; and

I.    such other and further relief as the Court may deem necessary or appropriate.

## JURY DEMAND

**PLEASE TAKE NOTICE** that pursuant to R 4:35-1, the Plaintiff demands a trial by jury.

Dated: September 29, 2022

By: _____

BARRY J. GAINEY
*Attorney for Plaintiff*

## DESIGNATION OF TRIAL COUNSEL

Gainey McKenna & Egleston, 375 Abbott Road, *Paramus, NJ 07652*, T: 201-225-9001, F: 201-225-9002

Pursuant to Rule 4:25-4, BARRY J. GAINEY, is hereby designated trial counsel in the within cause of action.

Dated:  September 29, 2022

By _____
BARRY J. GAINEY
*Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO RULE 4:5-1

The undersigned hereby certifies that to the best of his knowledge, the within matters in controversy are not the subject of any other action pending in any other Court or a pending arbitration proceeding nor is any action or arbitration proceeding contemplated nor are other parties required to be joined to this action.

Dated:  September 29, 2022

By _____
BARRY J. GAINEY
*Attorney for Plaintiff*

20

# EXHIBIT 2

Curtis J. Turpan (033781985)
Harwood Lloyd LLC
130 Main Street
Hackensack, New Jersey 07601
(t): (201) 359-3675
(f): (201) 487-4758
cturpan@harwoodlloyd.com
*Attorney for Defendants*

|  |  |  |
|---|---|---|
| CATHERINE BASANTES ANDRADE, *et al.*, | : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY |
|  | : | Docket No. BER-L-005251-22 |
| Plaintiffs, | : : | Civil Action |
| v. | : : | |
| GEICO INDEMNITY COMPANY, *et al.*, | : : | NOTICE OF FILING OF NOTICE OF REMOVAL |
| Defendants. | : : : | |

**PLEASE TAKE NOTICE THAT** on November 8, 2022, Defendants GEICO Indemnity Company and Government Employees Insurance Company[1] removed this action to the United States District Court for the District of New Jersey by filing a Notice of Removal in that Court. A copy of the Notice of Removal (and attachments) is attached hereto as **Exhibit 1**. Accordingly, and pursuant to 28 U.S.C. § 1446(d), this Court may proceed no further unless and until the case is remanded.

---

[1] In her Complaint, Plaintiff also identifies "Doe" Defendants that she names as "ABC Corporations 1-10" and "John Does 1-10," and alleges these are placeholders for "parent companies or subsidiary companies of Geico and/or are otherwise related companies[.]" *See* Compl. at ¶ 24. However, no party has been joined or served in the lawsuit other than the two removing defendants.

05010575_1

Respectfully submitted,

Harwood Lloyd LLC

By: _____
Curtis J. Turpan (033781985)
Harwood Lloyd LLC
130 Main Street
Hackensack, New Jersey 07601
(t): (201) 359-3675
(f): (201) 487-4758
cturpan@harwoodlloyd.com

Dated: November 8, 2022

*Attorney for Defendants GEICO Indemnity Company and Government Employees Insurance Company ("GEICO")*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2022, I served the Notice of Filing of Notice of Removal on all counsel of record via e-courts and courtesy copies were served by electronic mail and first-class mail, postage prepaid, to all counsel of record:

Barry J. Gainey
Gainey McKenna & Egleston
375 Abbott Road
Paramus, New Jersey 07653
Counsel for Plaintiff Catherine Basantes Andrade

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Curtis J. Turpan (033781985)

05010575_1                                    2